EVANSVILLE & H. TRACTION CO. v. HENDERSON BRIDGE CO.

(Circuit Court, W. D. Kentucky, Owensboro Division. September 19, 1904.)

1. FOREIGN CORPORATIONS—RAILROAD COMPANY SEEKING TO CONSTRUCT LINE IN KENTUCKY—FAILURE TO COMPLY WITH STATE LAW.

Const. Ky. § 211, which provides that no railroad corporation doing business, or proposing to do business, in the state shall exercise the power of eminent domain or acquire right of way or real estate until it shall incorporate under the laws of the state, and Ky. St. 1903, § 841, containing substantially the same prohibition, and providing the method by which a foreign corporation may become incorporated in the state by filing its articles of incorporation, declare a public policy of the state; and a federal court of equity, sitting within the state, is without authority to compel a Kentucky corporation to permit a railroad company of Indiana, which has not complied with such requirements, to connect with and use its tracks over a bridge across the Ohio river, to enable such foreign company to do business within the state of Kentucky.

In Equity. Suit for injunction. On demurrer to bill.

McHenry & Du Relle and Edwin C. Henning, for complainant.

Helm, Bruce & Helm, Browder & Browder, Miller & Todd, and Charles N. Burch, for defendant.

EVANS, District Judge. The complainant, an Indiana corporation, which may be described as being an interurban street railroad company, desiring to operate a road from Evansville, Ind., to Henderson, Ky., has applied, inter alia, for a perpetual injunction restraining the defendant from refusing to the complainant the right to connect its tracks with the track of the defendant, both at the Kentucky and at the Indiana ends of the defendant's bridge over the Ohio river, and from refusing to complainant the right to equip said bridge with wiring and bonding appliances and necessary attachments for constructing, maintaining, and operating an interurban street railroad, propelled by electricity, upon, over, and across the defendant's bridge, approaches, and tracks. The facts upon

¶ 1. Exclusion of foreign corporations, see note to McCanna & Fraser Co. v. Citizens' Trust & Surety Co., 24 C. C. A. 13.

which this relief is demanded are set out at length in the bill, including a statement of the law of Indiana making the defendant's bridge a public highway, subject to use by others for any purpose to which it is adapted; and it is averred that the defendant in due form accepted the provisions of the statutes of that state.

The defendant has demurred to the bill upon several grounds, but the conclusion I have reached makes it unnecessary to consider any of them except the first. This ground of demurrer is that the bill cannot be maintained because, stated briefly, it does not aver nor show that the complainant has complied with the requirements of section 211 of the Constitution of Kentucky, nor with section 841 of the Kentucky Statutes of 1903, which read as follows:

"Sec. 211. No railroad corporation organized under the laws of any other state, or of the United States, and doing business, or proposing to do business, in this state, shall be entitled to the benefit of the right of eminent domain or have power to acquire the right of way or real estate for depot or other purposes, until it shall have become a body-corporate pursuant to and in accordance with the laws of this commonwealth."

"Sec. 841. No company, association or corporation created by, or organized under, the laws or authority of any state or country other than this state, shall possess, control, maintain or operate any railway, or part thereof, in this state until, by incorporation under the laws of this state, the same shall have become a corporation, citizen and resident of this state. Any such company, association or corporation may, for the purpose of possessing, controlling, maintaining or operating a railway or part thereof in this state, become a corporation, citizen and resident of this state by being incorporated in the manner following, namely: By filing in the office of the Secretary of State, and in the office of the Railroad Commission, a copy of the charter or articles of incorporation of such company, association or corporation, authenticated by its seal and by the attestation of its president and secretary, and thereupon, and by virtue thereof, such company, association or corporation shall at once become and be a corporation, citizen and resident of this state. The Secretary of State shall issue to such corporation certificate of such incorporation."

It is urged by the complainant that this objection is not available for any person except the state, which, under section 842 of the Kentucky statutes of 1903, may impose penalties upon the complainant if it fails to comply with the provisions of law just read. Complainant also urges that the defendant has no right to fail to perform a duty it otherwise owes to complainant upon the ground that the latter has not observed a mere police regulation of the state of Kentucky, such as the provisions of law we have quoted are supposed to be. But while there might be force in these contentions, if one party to a contract sought to defeat its enforcement by the other, the court feels compelled to take a different view of this case where there is no contract inter partes, but where the question is as to the right of the state to forbid the doing by the complainant of the things it prays to be allowed to do over the protest of a citizen of Kentucky, and which, if the court shall decree must be done without respect for, and without previous compliance with, the law, will be done by this court's action in unconditionally admitting a foreign corporation into Kentucky, regardless of the laws of the state forbidding it, except upon express conditions clearly pointed out in the Constitution and statutes. The people of Kentucky through their Constitution, and the Legislature through the statute, have

clearly and distinctly declared and announced the policy of the state, whose laws in this respect we must regard as controlling; and while comity between the states will permit a corporation of one state to do business in another if no policy to the contrary has been announced, yet when such policy is announced, and conditions are fixed, a court of the United States cannot, in despite of such declared policy, force any corporation of Kentucky to submit to such demands of a foreign corporation as are made in the bill until the conditions of that policy have been met. Bank of Augusta v. Earle, 13 Pet. 591, 10 L. Ed. 274; Paul v. Virginia, 8 Wall. 181, 19 L. Ed. 357; Horn Silver Mining Co. v. New York, 143 U. S. 314, 12 Sup. Ct. 403, 36 L. Ed. 164. . True there are decisions which may qualify the general rule in cases where certain questions of interstate commerce law may be involved, but the rights sought to be enforced in this suit do not in any direct sense, if at all, involve any such question. Such questions are some distance ahead. Here the complainant, as demonstrated by the prayer of its bill, insists that a court of equity in Kentucky, and acting with respect to Kentucky property, shall compel the defendant, a citizen of Kentucky, to refrain from refusing to permit the complainant to connect its tracks with that of the defendant; and this, too, at the instance of a complainant, which evidently, in the language of the constitutional provision, is "proposing to do business in this state," but which has not complied with those provisions of law which constitute a condition precedent to its right to do so. It scarcely admits of doubt, if the defendant is required to submit to such use of its private property by another, that there is something very closely resembling the exercise of the right of eminent domain, and even less doubt that the effect of giving the relief sought would be to give the complainant a right of way for its cars and traffic over the defendant's bridge without anything equivalent to a condemnation proceeding. The bill itself contemplates that the complainant has constructed, or will construct, tracks of its own in Kentucky, which in that state it desires to connect with defendant's bridge. These things being true, should the chancellor compel the defendant to do all or any of the things demanded by the bill until the complainant shows at the threshold that it would not at least be violating the laws of the state when it did the things which it asks the court to compel the defendant to permit it to do? It seems obvious to the court that it should respect the laws of the state in which it sits in all such cases, and should not regard the complainant as coming with altogether clean hands until it has complied with those laws; for until it has done so, it is asking this court to compel the defendant to permit the complainant to do things which, if done, would plainly violate the laws of the state of Kentucky. This, I think, is asking too much of a court of the United States, particularly when the conditions imposed by the law of the state do not appear to be onerous or impossible.

The laws of Indiana, even when accepted by a foreign corporation, have no force beyond the low-water line on the Indiana bank of the Ohio river; and whether this court would have jurisdiction

to compel defendant to do anything on the Indiana part of the bridge might be very doubtful, unless the court could also do the same things as to the Kentucky part of the bridge, and thus possibly acquire some right to deal with it as an entirety. As I have reached the conclusion that this court should not, because of the Kentucky laws referred to, grant any relief under the averments of the bill as to the part of the bridge which is in Kentucky, doubts as to the court's right or jurisdiction to do anything in respect to the Indiana part of it alone greatly increase.

For the reasons stated, the court is of opinion that the first ground stated in the demurrer to the bill is well taken. This makes it unnecessary to consider the other grounds.

The demurrer to the bill is accordingly sustained upon that ground alone.